UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
RACKEL BRATHWAITE,

           Plaintiff,       CIVIL ACTION NO.

      -against-         COMPLAINT

JAIME O'BRIEN, DAVID KINITSKY, SARAH BOLL, and
ALEX JONES,

           Defendants.
---------------------------------------------------------------------X

    Plaintiff Rackel Brathwaite ("Plaintiff"), by her attorneys, Katz Melinger PLLC, complaining of the defendants, Jaime O'Brien ("O'Brien"), David Kinitsky ("Kinitsky"), Sarah Boll ("Boll"), and Alex Jones ("Jones") (collectively, "Defendants"), respectfully alleges as follows:

### I. Nature of Action, Jurisdiction, and Venue

    1.   This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL").

    2.   This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA and the NYLL.

    3.   This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4.     Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants employed their employees, including Plaintiff, within this judicial district.

## II. Parties

5.     Plaintiff is an individual residing in the State of New York.

6.     At all relevant times, Plaintiff was a non-exempt employee of Defendants within the meaning of the FLSA and the NYLL.

7.     Defendants O'Brien and Kinitsky (collectively, the "Kinitsky Family") are individuals currently residing, upon information and belief, in the State of Wyoming, but who resided in the State of New York during the relevant time period.

8.     Defendants Boll and Jones (collectively, the "Jones Family") are individuals residing, upon information and belief, in the State of New York.

9.     Upon information and belief, the Kinitsky Family and the Jones Family are married couples that jointly employed Plaintiff as a nanny.

10.     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the FLSA, and the NYLL

11.     Defendants are subject to suit under the statutes alleged above.

## III. Factual Allegations

12.     Plaintiff worked for Defendants as a nanny from on or around March 1, 2020 until in or around July 2020.

13.     The Kinitsky Family and the Jones Family had a nanny share arrangement with Plaintiff, whereby cared for Defendants' children simultaneously.

14.     Throughout her employment, Plaintiff was scheduled to work five (5) days per week, Monday through Friday, from approximately at 7:45 a.m. until 5:45 p.m. each day, totaling approximately fifty (50) hours per week.

15.     Plaintiff cared for Defendants' children at both families' homes, alternating between the two homes during the week.

16.     Defendants paid Plaintiff a fixed salary of $1,000.00 per week regardless of the number of hours she worked, with each family contributing half of Plaintiff's salary.

17.     Defendants did not require Plaintiff to clock in and out and did not otherwise record Plaintiff's work hours.

18.     Throughout her employment, Plaintiff was not afforded regular meal or rest breaks, and was required to eat any meals during her shifts while working.

19.     Throughout her employment, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL and was entitled to be paid overtime compensation for all hours worked in excess of forty-four (44) hours per week under the FLSA and forty (40) hours per week under the NYLL.

20.     However, despite routinely working more than forty-four (44) hours per week, Plaintiff was not paid overtime compensation equal to one and one-half (1.5) times her regular hourly rate of pay or the minimum wage rate, whichever is greater, for all hours worked over forty-four (44) hours under the FLSA and forty (40) hours per week under the NYLL.

21.     Defendants also failed to furnish to Plaintiff, at the time she was hired or at any time thereafter, a notice containing her rate of pay, the designated payday, or other information required by NYLL § 195(1).

22.     Plaintiff also did not receive, with each wage payment, a statement listing her regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

23.     In or around June 2020, Plaintiff, through her then-counsel, sent a letter to the Kinitsky Family and another family with whom she previously worked alleging unpaid overtime claims against the two families as joint employers.

24.     On or around July 12, 2020, shortly after learning of the letter from Plaintiff's counsel, O'Brien terminated Plaintiff's employment via text message.

25.     Since Defendants jointly employed Plaintiff, O'Brien terminated Plaintiff's employment on behalf of both the Kinitsky Family and the Jones Family.

26.     Defendants unlawfully retaliated against Plaintiff by terminating her employment in response to the letter Plaintiff sent to the Kinitsky Family, in violation of the FLSA and the NYLL.

## AS AND FOR A FIRST CAUSE OF ACTION
(Overtime Violations Under the FLSA)

27.     Plaintiff repeats and realleges all prior allegations set forth above.

28.     Pursuant to the applicable provisions of the FLSA, Plaintiff is entitled to overtime compensation of one and one-half (1.5) times her regular hourly rate of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty-four (44) hours per week.

29.     Plaintiff regularly worked in excess of forty-four (44) hours per week during her employment with Defendants.

30.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times her regular hourly rate of pay for each hour worked in excess of forty-four (44) hours in a week.

31.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

32.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent (100%) of the total wages due to her ("liquidated damages").

33.     Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of her unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Overtime Violations Under the NYLL)

34.     Plaintiff repeats and realleges all prior allegations set forth above.

35.     Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times her regular hourly rate of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

36.     Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

37.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times her regular hourly rate of pay for each hour worked in excess of forty (40) hours in a week.

38.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

39.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

40.     Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of her unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Timely Pay Wages under the NYLL)

41.     Plaintiff repeats and realleges all prior allegations set forth above.

42.     Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid her earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

43.     During the relevant period, Defendants routinely failed to pay Plaintiff all of her earned wages in accordance with the agreed-upon terms of employment.

44.     During the relevant period, Defendants failed to timely pay Plaintiff all of her earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

45.     Throughout the relevant period, Defendants failed to timely pay Plaintiff all overtime wages earned by Plaintiff, in violation of NYLL § 191(1)(a)(i).

46.     As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

47.     As Defendants did not have a good faith basis to believe that their failure to timely pay wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

48.     Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Failure to Provide Payroll Notices Under the NYLL)

49.     Plaintiff repeats and realleges all prior allegations.

50.     Defendants failed to furnish to Plaintiff, at her time of hire or at any time thereafter, notices containing her rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; her regular pay day designated by the employer; and other information required by NYLL § 195(1).

51.     As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

52.     Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Provide Wage Statements Under the NYLL)

53.     Plaintiff repeats and realleges all prior allegations.

54.     Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: her regular and overtime rates of pay and basis thereof; the number of regular and overtime hours she worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

55.     As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

56.     Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR AN SIXTH CAUSE OF ACTION
(Retaliation Under the FLSA)

57.     Plaintiff repeats and realleges all prior allegations.

58.     Defendants terminated Plaintiff's employment after, and in retaliation for, Plaintiff's attempt to assert her legal rights under the FLSA.

59.     Defendants' termination of Plaintiff's employment constitutes unlawful retaliation in violation of 29 U.S.C. § 215(a)(3).

60.     As a result of Defendants' violations of the law, Plaintiff has been damaged and is entitled to recover from Defendants punitive damages, if applicable, along with lost wages, front pay, liquidated damages, reasonable attorneys' fees, and costs.

61.     Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action for punitive damages, if applicable, lost wages, front pay, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Retaliation Under the NYLL)

62.     Plaintiff repeats and realleges all prior allegations.

63.     Defendants terminated Plaintiff's employment after, and in retaliation for, Plaintiff's attempt to assert her legal rights under the NYLL.

64.     Defendants' termination of Plaintiff's employment constitutes unlawful retaliation in violation of NYLL § 215.

65.     As a result of Defendants' violations of the law, Plaintiff has been damaged and is entitled to recover from Defendants punitive damages, if applicable, along with lost wages, front pay, liquidated damages, reasonable attorneys' fees, and costs.

66.     Judgment should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action for punitive damages, if applicable, lost wages, front pay, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.


**WHEREFORE** Plaintiff prays for relief as follows:

a)  on the First Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b)  on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c)  on the Third Cause of Action for all wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d)  on the Fourth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

e)  on the Fifth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

f)  on the Sixth Cause of Action for all punitive damages, if applicable, along with all lost wages, front pay, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court against Defendants;

g)  on the Seventh Cause of Action for all punitive damages, if applicable, along with all lost wages, front pay, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court against Defendants;

h)  interest;

i)  costs and disbursements; and

j)  such other and further relief as the Court deems just and proper.


Dated: New York, New York
May 25, 2022

/s/ Eliseo Cabrera
Eliseo Cabrera
Katz Melinger PLLC
370 Lexington Avenue, Suite 1512
New York, New York 10017
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
edcabrera@katzmelinger.com
Attorneys for Plaintiff